UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

                                 Plaintiff,

                                                                                    9:15-CV-1078
        v.                                                                               (MAD/TWD)

DSS BELL, et al.,

                                 Defendants.
_____

APPEARANCES:                               OF COUNSEL:

RASZELL REEDER
94-A-6388
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Raszell Reeder commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1. After he commenced the action, plaintiff filed two motions requesting mandatory injunctive relief in the form of an order directing that his movements out of his facility be video-taped at all times. Dkt. Nos. 5, 16. By Decision and Order filed November 12, 2015, the Court, among other things, denied plaintiff's motions for preliminary injunctive relief. Dkt. No. 17 (the "November 2015 Order").[1] Shortly after the

---

[1] Because plaintiff sought mandatory injunctive relief, he was required to make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim. *See Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995). The Court found that plaintiff failed to submit proof or

November 2015 Order was issued, the Clerk of the Court received a submission from plaintiff in further support of his motions for preliminary injunctive relief. Dkt. No. 19. In light of plaintiff's pro se status, the Court liberally construed the submission as a request for reconsideration, reviewed the request, and determined that nothing contained therein would warrant reconsideration of the November 2015 Order. Thus, by Order dated November 20, 2015, the Court denied reconsideration. Dkt. No. 20.

Currently before the Court are plaintiff's (1) letter motion requesting summary judgment, (2) motion for reconsideration of the November 2015 Order, and (3) motion for preliminary injunctive relief. Dkt. Nos. 21, 22, and 23, respectively.

**II.  DISCUSSION**

   **A.  Letter Motion for Summary Judgment**

Plaintiff's letter motion requesting summary judgment (Dkt. No. 21) is denied without prejudice as premature because (1) summonses just issued on November 12, 2015, (2) defendants have not yet had the opportunity to respond to plaintiff's complaint, and (3) the letter motion does not comply with the Local Rule 7.1(a)(3) of the Local Rules of Practice for the Northern District of New York.

   **B.  Motion for Reconsideration**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc.*

---

evidence which met the required standard.

2

*Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff seeks reconsideration of that portion of the November 2015 Order denying his motions for preliminary injunctive relief. Dkt. No. 22. Plaintiff asks to "reinstate" his requests for preliminary injunctive relief "before [he] continue[s] to experience malicious sadistic assaults and excessive force." *Id.* at 1. Plaintiff argues that "because [of] hostility between [him] and security at the facility," "changes must be made in how [he is] transported." *Id.* Plaintiff presents no basis for reconsideration of the November 2015 Order. At best, plaintiff seeks to relitigate issues already decided. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

Plaintiff's motion for reconsideration (Dkt. No. 22) of the November 2015 Order is denied.

### C.     Renewed Motion for Preliminary Injunctive Relief[2]

The standard for preliminary injunctive relief was set forth in the November 2015 Order and will not be repeated in its entirety here. *See* November 2015 Order at 16-17.

---

[2] Plaintiff's request to proceed with this action in forma pauperis, Dkt. No. 23 at 1, is denied as unnecessary because plaintiff has already been granted in forma pauperis status. November 2015 Order at 19.

3

In support of his request for preliminary injunctive relief, plaintiff alleges that he is "certain [that he will] be maliciously assaulted at Franklin County Courthouse and then be accused of attacking first." Dkt. No. 23-1 at 1. Plaintiff alleges that he was "recently maliciously and sadistically assaulted again on 10-31-15 and 11-2-15" and will be assaulted "in the future." Dkt. No. 23-3 at 1. Similar to his earlier motions for preliminary injunctive relief, plaintiff requests a Court order directing that his appearances at the Franklin County Courthouse be videotaped in their entirety.[3] Dkt. No. 23-2 at 1.[4]

Construing plaintiff's motion liberally, plaintiff may allege a violation of an Eighth Amendment right to reasonable safety. Because an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court **will assume for purposes of this motion only** that plaintiff satisfies the requirement that a party applying for a preliminary injunction show irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996); *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.")

Even though the Court assumes that plaintiff has alleged irreparable harm, plaintiff's motion will be denied. Plaintiff seeks a "mandatory injunction that alters the status quo by commanding a positive act." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). A mandatory preliminary injunction "should issue only upon a clear showing that the moving

---

[3] Plaintiff no longer requests that two video-cameras accompany him on his trip, but instead requests the use of one video-camera which has a battery life of eight hours. Dkt. No. 23-1 at 2.

[4] This portion of plaintiff's motion is dated November 11, 2015, one day before the Court issued the November 2015 Order denying plaintiff's previous requests for similar preliminary injunctive relief. *See* Dkt. No. 23-2 at 2. Other portions of this motion are dated November 17, 2015, *see* Dkt. No. 23-1 at 1, and November 18, 2015, *see* Dkt. No. 23-3 at 1.

party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* at 406 (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). Plaintiff has failed to submit proof or evidence which meets the standard for the relief that he seeks. Plaintiff has submitted his own affidavits alleging that he is afraid that something will happen to him when he is transported out of his facility unless all of his movements are video-taped. Although plaintiff does submit some exhibits, upon review, they do not support his claims. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."); *see also Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

Plaintiff's motion for preliminary injunctive relief (Dkt. No. 23) is therefore denied.

**III. CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's letter motion for summary judgment (Dkt. No. 21) is **DENIED** without prejudice for the reasons set forth above; and it is further

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 22) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 23) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: December 9, 2015
      Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge