UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

                            Plaintiff,

                                                                       9:15-CV-1078
      v.                                                             (MAD/TWD)

DSS BELL, et al.,

                            Defendants.
_____

APPEARANCES:                          OF COUNSEL:

RASZELL REEDER
94-A-6388
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

Plaintiff Raszell Reeder commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1. After he commenced the action, plaintiff filed two motions requesting mandatory injunctive relief in the form of an order directing that his movements out of his cell be videotaped at all times. Dkt. Nos. 5, 16. By Decision and Order filed November 12, 2015, the Court denied plaintiff's motions for preliminary injunctive relief. Dkt. No. 17 (the "November 2015 Order").[1] Plaintiff thereafter moved for reconsideration of

---

[1] Because plaintiff sought mandatory injunctive relief, he was required to make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim. *See Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995). The Court found that plaintiff failed to submit proof or evidence which met the required standard.

the November 2015 Order, which was denied. Dkt. Nos. 19, 20. Plaintiff filed a second motion for reconsideration of the November 2015 Order and another motion for preliminary injunctive relief. Dkt. Nos. 22, and 23, respectively. Those motions were also denied. Dkt. No. 27.

Presently before the Court is another motion requesting preliminary injunctive relief. Dkt. No. 29. Plaintiff again alleges that he was assaulted by staff at Upstate Correctional Facility on April 8, 2015, October 31, 2015, and November 2, 2015, and fears he will be assaulted again. Dkt. No. 29. Similar to his earlier motions for preliminary injunctive relief (*see* Dkt. Nos. 5, 16, 23), plaintiff requests a Court order directing that all of his out-of-cell movements be videotaped. Dkt. No. 29 at 1 (claiming that the assaults constitute "excessive and malicious acts" and "only video as evidence is the help needed"). Defendants oppose the motion. Dkt. No. 42.

The standard for preliminary injunctive relief was set forth in the November 2015 Order and will not be repeated here. *See* November 2015 Order at 16-17. The Court has reviewed plaintiff's renewed motion for preliminary injunctive relief in conjunction with defendants' response and this Court's prior orders, and has afforded plaintiff due deference in light of his pro se status. Having done so, the Court denies plaintiff's most recent request for preliminary injunctive relief for the same reasons set forth in this Court's prior Orders filed on November 12, 2015, November 20, 2015, and November 30, 2015.

Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 29) is denied.

Plaintiff also requests an extension of time to amend his complaint. Dkt. No. 29 at 1. This request as denied as unnecessary because a Mandatory Pretrial Discovery and Scheduling Order issued on February 16, 2016, and set a June 20, 2016 deadline for the

amendment of pleadings. Dkt. No. 43 at 4.

**III.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 29) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for an extension of time to amend his complaint (Dkt. No. 29) is **DENIED** as unnecessary in light of the current amended pleading deadline; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:   March 8, 2016
         Albany, NY

Mae A. D'Agostino
U.S. District Judge