UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

                              Plaintiff,            9:15-CV-01078
                                                    (MAD/TWD)
        v.

DSS BELL, et al.,

                              Defendants.

_____

APPEARANCES:                           OF COUNSEL:

RASZELL REEDER
94-A-6388
Plaintiff, *pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN             RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York   Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS,** United States Magistrate Judge

## <u>REPORT-RECOMMENDATION and ORDER</u>

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to the undersigned for a report and recommendation by the Honorable Mae A.

D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Currently pending before the Court is Defendants' motion to dismiss for failure to prosecute and

to comply with discovery pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).  (Dkt.

No. 52.)  Plaintiff opposes Defendants' motion.  (Dkt. No. 55.)  For the reasons that follow, it is recommended that Defendants' motion to dismiss be denied.

I.      **BACKGROUND**

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action on September 3, 2015, alleging claims based upon: (1) excessive force and failure to protect; (2) due process violations and retaliation; (3) unconstitutional medical indifference; and (4) conditions of confinement.  (*See generally* Dkt. No. 1.)

On September 9, 2015, and November 5, 2015, Plaintiff filed letter motions requesting injunctive relief in the form of extra protection to prevent retaliation from Defendants, all of whom are alleged to be employees of DOCCS.  (Dkt. Nos. 5 and 16.)  On November 12, 2015, Plaintiff's motions for injunctive relief were denied.  (Dkt. No. 17.)

On November 25, 2015, Plaintiff moved for summary judgment.  (Dkt. No. 21.)  On December 4, 2015, Plaintiff filed a motion requesting preliminary injunctive relief.  (Dkt. No. 23.)  On December 9, 2015, Plaintiff's motions for summary judgment and preliminary injunctive relief were denied.  (Dkt. No. 27.)

On December 23, 2015, Plaintiff submitted a motion for a preliminary injunction and an extension of time to file an amended complaint.  (Dkt. No. 29.)  On January 7, 2016, Plaintiff submitted an amended complaint.  (Dkt. No. 31.)  By Decision and Order dated January 25, 2016, Plaintiff's amended complaint was stricken from the docket.  (Dkt. No. 36.)

On February 16, 2015, Defendants filed their answer to Plaintiff's complaint.  (Dkt. No. 40.)  Defendants also filed their opposition to Plaintiff's December 23, 2014, motion for a

preliminary injunction. (Dkt. No. 42.) On February 16, 2015, this Court issued a mandatory pretrial discovery and scheduling order. (Dkt. No. 43.)

By Decision and Order entered March 8, 2016, Plaintiff's motion for preliminary injunctive relief was denied. (Dkt. No. 46.) On April 19, 2016, Defendants filed a notice of compliance with mandatory discovery. (Dkt. No. 47.)

On June 29, 2016, Defendants served a notice of deposition to Plaintiff. (Dkt. No. 52-4.) Defendants noticed Plaintiff for a deposition on August 3, 2016, at 10:00 a.m., at Great Meadow Correctional Facility ("Great Meadow"). *Id.* By letter dated July 5, 2016, Plaintiff advised Defendants that he could not travel from Upstate Correctional Facility ("Upstate") to Great Meadow for his deposition because he recently learned that he has thyroid cancer and was in pain. (Dkt. No. 52-5.) On July 21, 2016, Defendants requested a stay of the discovery deadline because Plaintiff "cancelled" his deposition scheduled for August 3, 2016, at Great Meadow because of his medical condition. (Dkt. No. 48.) Defendants also requested that Plaintiff be ordered to notify the Court and Defendants when he was able to testify at a deposition. *Id.*

By Text Order dated July 25, 2016, the Court denied Defendants' request but extended the discovery deadline to November 14, 2016. (Dkt. No. 49.) The Court also directed Defendants to reschedule Plaintiff's deposition by October 31, 2016. (Dkt. No. 49.)

Defendants rescheduled Plaintiff's deposition for October 13, 2016, at Great Meadow. (Dkt. No. 50.) By letter dated September 16, 2016, Plaintiff advised Defendants that he was unable to travel to Great Meadow for his October 13, 2016, deposition. (Dkt. No. 52-9.) Plaintiff requested that his deposition be conducted at Upstate. *Id.* On October 12, 2016, Plaintiff signed a DOCCS Interdepartmental Memorandum stating that he was "refusing to be

sent to my upcoming Deposition on 10/13/16." (Dkt No. 52-11.) Plaintiff did not appear for his October 13, 2016, deposition at Great Meadow. (*See* Dkt. No. 52-¶¶ 13-18)

Defendants have moved to dismiss for lack of prosecution, failure to appear for deposition, and failure to comply with discovery orders. (Dkt. No. 52.) Plaintiff has opposed Defendants' motion. (Dkt. No. 55.) Defendants have filed a reply. (Dkt. No. 56.)

## II. DISCUSSION

### A. Rule 37(b)

Defendants move under Federal Rule of Civil Procedure 37(b) to dismiss the complaint as a sanction for Plaintiff's failure to appear at his deposition. (Dkt. No. 52.) Under Rule 37(b), if:

> a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A court may consider several factors when considering a motion to dismiss for failure to comply with discovery. *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d

Cir. 2010). Those factors are: (1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the duration of the period of non-compliance; (3) whether the non-compliant party had been warned of the consequences of non-compliance; and (4) the efficacy of lesser sanctions. *Id.* Sanctions may be imposed against a *pro se* litigant "so long as a warning has been given that non-compliance can result" in a sanction. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal citations and quotation marks omitted). Here, the Court's July 25, 2016, Text Order was clear: Defendants were directed to reschedule Plaintiff's deposition by October 31, 2016, and Plaintiff was advised that failure to appear for the rescheduled deposition may result in dismissal of the action for failure to prosecute. (Dkt. No. 49.) The record is devoid of any evidence that Plaintiff did not understand the July 25, 2016, order. Plaintiff, did, however, inform Defendants that he would be unable to attend the October 13, 2016, deposition at Great Meadow for medical reasons.

Furthermore, there is some evidence supporting that Plaintiff's failure to appear was willful. In spite of Plaintiff's letters indicating that he would not be attending his scheduled deposition, DOCCS staff at Upstate attempted to transport Plaintiff from Upstate to Great Meadow on October 12, 2016, and Plaintiff signed a form indicating refusal to attend. (*See* Dkt. Nos. 52-3 and 52-11.)

In addition, the documents Plaintiff has attached to his opposition appear to undermine the severity of his purported illness. (Dkt. No. 55-1.) Notably, in response to Plaintiff's grievance that he was being denied medical care, the Inmate Grievance Resolution Committee explain that: "[t]hyroid is not cancer. The thyroid is a gland and everyone has one. There is no need to treat it." *Id*. at 8.[1]

Defendants have also submitted the declarations of Mary Kowalchuk, P.A.-C. and Vijaykumar Mandalaywala, M.D., in support of their motion to dismiss. (Dkt. Nos. 52-2 and 56-1.) Ms. Kowalchuk reviewed Plaintiff's medical records maintained by DOCCS and "determined that there is no medical reason why [P]laintiff could not travel to Great Meadow . . . for his deposition." (Dkt. Nos. 52-2 at ¶ 3.) Based upon his examinations of Plaintiff and review of Plaintiff's medical records maintained by DOCCS, Dr. Mandalaywala stated that he is "in complete agreement with Ms. Kowalchuk's assessment that there is no medical reason why [P]laintiff could not travel to Great Meadow . . . for a deposition." (Dkt. No. 56-1 at ¶ 5.) Dr. Mandalaywala also opined that "Plaintiff suffers from no medical condition that would cause travel to be contraindicated." *Id*. Further, Dr. Mandalaywala opined that "the results of blood tests conducted in July 2016, which were totally normal, reveal that [P]laintiff has no thyroid problems." *Id*. at ¶ 6. As to Plaintiff's claim that he suffers from Herpes HSV-2 disease, Dr. Mandalaywala indicated that Herpes was "not clinically evident at this time." *Id*. at ¶ 7. Finally, Dr. Mandalaywala opined that "even if [P]laintiff was suffering from a thyroid condition and Herpes (which he is not), those conditions would not affect his ability to travel to Great Meadow . . . for a deposition." *Id*. at ¶ 8.

---

[1] Page references to documents identified by docket number are to the page number assigned by the Court's CM/ECF electronic docketing system.

Based upon the foregoing, this Court is not convinced that Plaintiff's symptoms and pain are genuine.  However, in special solicitude to Plaintiff's *pro se* status, at this time, the Court finds that Plaintiff's refusal to attend his deposition was not willful and, therefore, does not weigh in favor of dismissal.

Regarding the second factor, courts have found that while the passage of six months between the discovery order and a plaintiff's deposition is too short a time to favor dismissal, a failure to provide discovery or attend a scheduled deposition for more than nine months does weigh in favor of dismissal.  *See, e.g., Santiago v. Johnson*, No. 9:11–CV–0635 (LEK/TWD), 2013 WL 4049979, at *6 (N.D.N.Y Aug. 9, 2013[2]) (finding that the second factor did not weigh in favor of dismissal where less than six months elapsed between scheduling order and the plaintiff's second scheduled deposition, at which he failed to appear); *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 180 (D. Conn. 2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); *State Farm Mut. Auto. Ins. Co. v. Grafman*, 274 F.R.D. 442, 452 (E.D.N.Y. 2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of [a] seven-year litigation"); *Handwerker*, 211 F.R.D. at 210  (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S.*

---

[2]  The Court will provide Plaintiff with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

*Shoe Corp.*, 176 F.R.D. 442, 444–445 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal).

Here, the scheduling order was issued on February 16, 2016, and Defendants moved to dismiss on October 13, 2016. (Dkt. Nos. 43 and 52.) The result is a span of eight months in which Plaintiff did not comply with Defendants' discovery orders and deposition requests. Because such a delay falls within the interstice of timeframes that have weighed in favor of or against dismissal, this Court finds that the second factor weighs in favor of dismissal, but not strongly.

Regarding the third factor, this Court and Defendants have advised Plaintiff of his duty to appear at his deposition on multiple occasions. On February 16, 2016, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 43.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. (Dkt. No. 43 at 4.) The order stated that:

> Defense counsel shall provide plaintiff[] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id*. Furthermore, Defendants sent Plaintiff a letter notifying him of their intent to move to dismiss his claim should he fail to attend his second scheduled deposition. (Dkt. No. 52-10 at 2.) The Text Order dated July 25, 2016, rescheduling Plaintiff's deposition also warned that Plaintiff could be subject to sanctions including the dismissal of his action if he failed to appear. (Dkt. No. 49.) Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the efficacy of lesser sanctions, Defendants have suggested no reason that lesser sanctions would be insufficient to expedite the completion of this action.

Accordingly, the Court finds that when analyzing the four factors, only Plaintiff's notice and—to a small degree—the duration of Plaintiff's delay thus far, favor dismissal of Plaintiff's action. Therefore, it is recommended that Defendants' motion to dismiss pursuant to Rule 37(b) be denied without prejudice.

**B.     Rule 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, at its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 96–CV–1190 (RSP/RWS), 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). It is also well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately [the court] must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

However, regarding *pro se* litigants, Rule 41(b) dismissal "remains a harsh remedy to be utilized only in extreme circumstances," and *pro se* plaintiffs "should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).

Considering the first factor, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). As discussed above, Plaintiff has failed to respond to the Court's order that he be deposed for a period of eight months. For the purposes of the analysis of Rule 41(b), this Court finds that the first factor weighs in favor of dismissal.

Regarding the second factor, "[t]he Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S (WMS), 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180–81 (2d Cir. 2001)). In this case, as discussed above, the Court finds that Plaintiff has received notice of the consequences of failing to prosecute Plaintiff's action. (Dkt. Nos. 43 at 4; 49; and 52-10 at 2.) Accordingly, this factor favors dismissal of Plaintiff's action.

With respect to the third factor, "[p]rejudice to defendants resulting from unreasonable delay may be presumed," however, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (internal citations omitted). With respect to what constitutes a moderate delay, courts have ruled that much longer delays have been insufficient to create a presumption of prejudice. *See Drake*, 375 F.3d at 255–257 (ruling that 17-month delay following court orders was insufficient to create presumption of prejudice). Accordingly, the Court finds that Plaintiff's delay of eight months is moderate, increasing the need for Defendants

to show prejudice. Because Defendants have not demonstrated in what way a further delay would prejudice them, the Court finds that the third factor does not weigh in favor of dismissal.

With respect to the fourth factor, at this time, the Court finds that in deference to Plaintiff's *pro se* status, Plaintiff's right to a fair opportunity to be heard exceeds the Court's interest in managing the docket.

Finally, with respect to the fifth factor, the Court finds that providing Plaintiff one final opportunity to be deposed is merited in this case.

Weighing the above factors with the special solicitude that must be granted to *pro se* parties, the Court finds that dismissal is not warranted at this time. Therefore, it is recommended that Defendants' motion to dismiss pursuant to Rule 41(b) be denied without prejudice.

## III. CONCLUSION

Based upon the foregoing, it is recommended that that Defendants' motion to dismiss (Dkt. No. 52) be denied without prejudice. The Court will reset the discovery deadline once a decision is rendered on this Report-Recommendation.

If the District Court adopts this Report-Recommendation, Defendants are directed to reschedule Plaintiff's deposition within thirty (30) days of the District Court's Order. If Plaintiff is unwilling to travel to Great Meadow, and Defendants are unwilling to travel to Upstate, the parties are directed to conduct Plaintiff's deposition by videographic or telephonic means. Defendants are further directed to notify this Court of the date certain of Plaintiff's deposition within fifteen (15) days of the District Court's Order. The Court will reset the discovery deadline once a decision is rendered on this Report-Recommendation.

The parties are further advised that no further extensions or changes to a scheduled deposition will be allowed to Plaintiff for any reason whatsoever. In addition, any further failure

to cooperate by Plaintiff, whether by not attending a deposition or by not responding appropriately to Defendants' questions, and upon motion of Defendants, will result in this Court recommending dismissal of this action pursuant to Federal Rules of Civil Procedure 41(b) and 37(b). Should Plaintiff cause any further delays or problems, the Court will recommend dismissal with prejudice.

**WHEREFORE**, it is hereby

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 52) be **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that if the District Court adopts this Report-Recommendation, Defendants are directed to reschedule Plaintiff's deposition within thirty (30) days of the District Court's Order as set forth above in Section III; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

---

[3] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.


Dated: August 11, 2017
        Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

2013 WL 4049979
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Martin A. SANTIAGO, Plaintiff,

v.

Patrick M. JOHNSON, Physician Assistant,
Upstate Correctional Facility; and N.
Smith, Nurse Administrator Upstate
Correctional Facility, Defendants.

No. 9:11–CV–0635 (LEK/TWD).
|
Aug. 9, 2013.

**Attorneys and Law Firms**

Martin A. Santiago, Albion, NY, pro se.

Hon. Eric T. Schneiderman, Attorney General for
the State of New York, James Seaman, Esq., of Counsel,
Albany, NY, for Defendants.

***DECISION and ORDER***

LAWRENCE E. KAHN, District Judge.

## I. INTRODUCTION

 **\*1** This matter comes before the Court following a
Report–Recommendation filed on April 29, 2013, by
the Honorable Thérèse Wiley Dancks, U.S. Magistrate
Judge, pursuant to 28 U.S.C. § 636(b) and Local
Rule 72.3(d) of the Northern District of New York.
Dkt. No. 14 ("ReportRecommendation"). The Clerk
has sent the entire file to the undersigned, including
the timely Objections by Plaintiff Martin A. Santiago
("Plaintiff") and by Defendants Patrick M. Johnson
and N. Smith (collectively, "Defendants"). Dkt. Nos. 26
("Defendants' Objections"); 31 ("Plaintiff's Objections").
For the following reasons, the Court approves and
adopts the Report–Recommendation as modified by this
Decision and Order.

## II. BACKGROUND

The Court assumes the parties' familiarity with the
factual and procedural background of this case as set

forth in detail in the Report–Recommendation. *See
generally* Report–Rec. The Court therefore recites only
the facts and procedure necessary to address the parties'
Objections.

Defendants twice notified Plaintiff of scheduled
depositions in this case, each time warning Plaintiff that
if he failed to attend the depositions, he could be subject
to sanctions "including dismissal of this lawsuit in its
entirety." Dkt. Nos. 20–4 ("Defendants' Memorandum");
20–10. Plaintiff neither attended the depositions nor
contacted Defendants to reschedule them. Dkt. No. 20–
1 ¶¶ 6, 13. The court reporter present at each failed
deposition charged Defendants $85.00. *Id.* ¶¶ 7, 15.

On October 24, 2012, Defendants filed a Motion pursuant
to Federal Rule of Civil Procedure 37(b) to dismiss or
strike the Complaint as a sanction for Plaintiff's failure
to attend the depositions. Dkt. Nos. 1 ("Complaint");
20 ("Motion"). Plaintiff did not oppose the Motion. *See
generally* Dkt. In her Report–Recommendation, Judge
Dancks recommends that the Court deny the Motion but
order Plaintiff to reimburse Defendants for the $85.00
charge they incurred as a result of Plaintiff's failure to
appear at the second deposition. Report–Rec. at 9. Judge
Dancks also recommends that the Court compel Plaintiff
to attend another deposition. *Id.*

## III. STANDARD OF REVIEW

A district court must review *de novo* any objected-to
portions of a magistrate judge's reportrecommendation
or specific proposed findings or recommendations therein
and "may accept, reject, or modify, in whole or in part,
the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b); *accord* FED. R. CIV. P. 72(b);
*see also Morris v. Local 804, Int'l Bhd. of Teamsters,* 167
F. App'x 230, 232 (2d Cir.2006); *Barnes v. Prack,* No.
11–CV–0857, 2013 WL 1121353, at * 1 (N.D.N.Y. Mar.
18, 2013). If no objections are made, or if an objection
is general, conclusory, perfunctory, or a mere reiteration
of an argument made to the magistrate judge, a district
court need review that aspect of a report-recommendation
only for clear error. [1] *Chylinski v. Bank of Am., N.A.,* 434
F. App'x 47, 48 (2d Cir.2011); *Barnes,* 2013 WL 1121353,
at *1; *Farid v. Bouey,* 554 F.Supp.2d 301, 306–07 & n.
2 (N.D.N.Y.2008); *see also Machicote v. Ercole,* No. 06
Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25,
2011) ("[E]ven a *pro se* party's objections to a Report and

Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *accord* FED. R. CIV. P. 72(b)(3).

1   An order is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted); *accord Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395).

## IV. DISCUSSION

### A. Defendants' Objections

*1. Reimbursement for the First Failed Deposition*
**\*2** Judge Dancks recommends that the Court not order Plaintiff to reimburse Defendants for the first failed deposition charge, because she found that Plaintiff was incarcerated on the scheduled date of that deposition and therefore "failed to appear for reasons beyond his control." Report–Rec. at 6, 9. Defendants object to this portion of the Report–Recommendation. See Defs.' Objs. at 1. While admitting that Plaintiff's failure to *appear* at the deposition was due to factors beyond his control, Defendants argue that Plaintiff's failure to *notify* Defendants that Plaintiff had been reincarcerated as of the first deposition date was "fully within his control." *Id.* Defendants maintain, therefore, that it was Plaintiff's fault that Defendants did not have an opportunity to cancel the deposition before charges were incurred. *Id.*

Defendants made this same argument in their Memorandum of law in support of their Motion:

> [E]ven though it appears [P]laintiff may have been incarcerated on the date of his July 12, 2012 deposition, ... there is no reason known to [D]efendants which would have precluded [P]laintiff from advising this office of his unavailability, so that the deposition could have been adjourned and

the unnecessary expenses avoided. In light of this failure, [P]laintiff should be required to reimburse [D]efendants for the costs incurred because of [P]laintiff's failure to attend his July deposition as well.

Defs.' Mem. at 9–10. Therefore, the Court reviews that portion of the Report–Recommendation recommending that Plaintiff not be required to reimburse Defendants for the first failed deposition charge only for clear error. *See Farid,* 554 F.Supp.2d at 306. After a thorough review of the ReportRecommendation and the record in this case, the Court finds no such error: Judge Dancks exercised her discretion to order or not to order reimbursement well within the bounds of the governing law.

*2. Time Limit for Payment of Deposition Charge*
Although she recommended that Plaintiff be required to reimburse Defendants for the charge they incurred as a result of the second failed deposition, Judge Dancks did not also recommend a deadline for that payment. *See generally* Report–Rec. Defendants object to the ReportRecommendation insofar as it fails to set such a deadline and establish consequences should Plaintiff fail to meet it. Defs.' Objs. at 1. Under any standard of review, the Court finds that the ReportRecommendation's omission of a payment deadline is error. Accordingly, the Court modifies the Report–Recommendation to require Plaintiff to pay Defendants within 45 days of this Decision and Order. Furthermore, if Plaintiff fails to meet that deadline, the Clerk, without further order of the Court, shall enter judgment dismissing this action with prejudice.

### B. Plaintiff's Objections

In his Objections, Plaintiff states that he has no money to pay the $85.00 and hopes that the Court will waive the fee. Pl.'s Objs. at 1–2. While the Court sympathizes with Plaintiff's situation, his general assertion of economic hardship is not a specific objection to the legal or factual basis for the Report–Recommendation warranting *de novo* review. The Court therefore reviews this portion of the Report–Recommendation for clear error and finds none.

## V. CONCLUSION
**\*3** Accordingly, it is hereby:

**ORDERED,** that the Report–Recommendation (Dkt. No. 25) is **AFFIRMED** and **ADOPTED as modified by this Decision and Order;** and it is further

**ORDERED,** that Defendants' Motion (Dkt. No. 20) is **DENIED;** and it is further

**ORDERED,** that Plaintiff reimburse Defendants for the **$85.00** charge they incurred as a result of Plaintiff's failure to appear at the second deposition; and it is further

**ORDERED,** that if Plaintiff fails to pay Defendants the **$85.00 within forty-five (45) days** of this Decision and Order, the Clerk, without further order of the Court, shall enter judgment dismissing this action **with prejudice;** and it is further

**ORDERED,** that if Plaintiff pays Defendants the **$85.00 within forty-five (45) days** of this Decision and Order, Plaintiff shall attend a deposition at a time and place noticed by Defendants in accordance with the procedure set forth in Part I.D of the Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 14); and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Decision and Order on all parties.

### *REPORT–RECOMMENDATION*

THÉRÈSE WILEY DANCKS, United States Magistrate Judge.

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion pursuant to Federal Rule of Civil Procedure 37(b) to dismiss or strike the complaint as a sanction for Plaintiff's failure to attend his scheduled deposition. (Dkt. No. 20.) Plaintiff has not opposed the motion. For the reasons that follow, I recommend that the Court deny this motion.

## I. BACKGROUND
In this action, Plaintiff Martin Santiago claims that, *inter alia,* Defendants Patrick Johnson and N. Smith were deliberately indifferent to his serious medical needs between December 2008 and January 2009 while he was incarcerated at Upstate Correctional Facility. (*See generally* Dkt. No. 1.)

On March 27, 2012, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 14.) In that order, the Court granted Defendants leave to take Plaintiff's deposition. *Id .* at 3–4. The order stated that

> [d]efense counsel shall provide plaintiff[ ] with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff[ ] at least fifteen (15) days prior to the scheduled date for the deposition. The deposition may not commence until at least fifteen (15) days after defense counsel has filed a notice of compliance with [mandatory discovery].

*Id.*

On June 27, 2012, Defendants mailed a deposition notice to Plaintiff. (Dkt. Nos. 20–1 ¶ 5, 20–4.) The deposition was scheduled for July 12, 2012, at 8:30 a.m. at the Empire State Plaza Justice Building in Albany. (Dkt. No. 20–4 at 2.) The notice stated that if Plaintiff failed to attend the deposition, he could be subject to sanctions "including dismissal of this lawsuit in its entirety." *Id.* The letter did not advise Plaintiff, however, that he could call and discuss rescheduling if the date was inconvenient. *Id.*

**\*4** Plaintiff failed to appear for his deposition. (Dkt. Nos. 20–1 ¶ 6, 20–5.) He did not contact defense counsel to advise him that he would not appear. *Id.* The court reporter charged defense counsel $85.00. (Dkt. No. 20–1 ¶ 7, 20–6.)

On August 6, 2012, Plaintiff filed a letter with the Court, requesting an update on the status of his case because he had "no paperwork and [had] no idea what [was] going on with this matter." (Dkt. Nos. 16, 20–7 at 1.) Plaintiff also informed the Court that he (1) was incarcerated at Orleans Correctional Facility; and (2) would have a new address on Bennett Village Terrace in Buffalo, New York, beginning on August 27, 2012. *Id.* Plaintiff explained that

this date was the soonest he would be released, leaving open the possibility that he may be released later. (Dkt. No. 20–8 at 1.)

On August 13, 2012, Plaintiff filed another letter with the Court, requesting a discovery deadline extension in light of his missing a pretrial discovery deadline of July 27, 2012. (Dkt. Nos. 17, 20–8 at 1.) Plaintiff listed Orleans Correctional Facility as his return address. (Dkt. No. 17 at 2.) He did not mention or acknowledge missing his July 12th deposition. (Dkt. No. 17, 20–8.) Instead, Plaintiff explained that he had been incarcerated since July 3, 2012, and "had no way to access my records in this matter." *Id.* Plaintiff requested that the Court extend the deadline to September 27, 2012. *Id.*

On August 14, 2012, the Court extended the discovery closure date to September 27, 2012. (Text Order Aug. 14, 2012.) On August 27, 2012, Plaintiff was released on parole. (Dkt. No. 20–13 at 1.) On August 28, 2012, the clerk updated the docket to reflect Plaintiff's Bennett Village address pursuant to Plaintiff's August 6th letter. (Dkt. Nos. 20–1 ¶ 11.) Also on August 28, 2012, Defendants mailed a deposition notice to Plaintiff at his Bennett Village address. (Dkt. No. 20–10.) The deposition was rescheduled for September 14, 2012, at 8:30 a.m. at the Empire State Plaza Justice Building in Albany. *Id.* at 2. The notice stated that if Plaintiff failed to attend the deposition, he could be subject to sanctions including reimbursing defense counsel expenses and fees in arranging the deposition "and/or the dismissal of your lawsuit." *Id.* Like the previous notice, this notice did not advise Plaintiff that he could call and discuss rescheduling if the date was inconvenient. *Id.*

Plaintiff failed to appear for his rescheduled deposition. (Dkt. Nos. 20–1 ¶ 13, 20–11.) He did not contact defense counsel to advise that he would not appear. *Id.* The court reporter charged defense counsel $85.00. (Dkt. No. 20–1 ¶ 15, 20–12.)

On September 27, 2012, Plaintiff filed mandatory disclosures with the Court. (Dkt. No. 19.) These disclosures included thirty pages of medical records, mental health records, grievances, handwritten letters, and grievance review committee reports. *See generally, id.* Plaintiff listed his Bennett Village address as his return address. *Id.* Plaintiff did not mention or acknowledge missing his September 14th deposition. *Id.*

**\*5** Defendants filed the pending motion to dismiss the action on October 24, 2012. (Dkt. No. 20.) Plaintiff has not opposed the motion. Nevertheless, Plaintiff wrote a letter to the Court on February 11, 2013, explaining that he had "been locked up for the past month" and requesting an update on his case. (Dkt. No. 22 at 1 .) He also requested the addresses of the Attorney General's office and the judge so that he could "write them a.s.a.p. and inform them of my condition and where I'm at." *Id.* Plaintiff's return address was listed as the Orleans Correctional Facility. *Id.*

On February 15, 2013, Plaintiff informed the Court of his then-present mailing address at the Orleans Correctional Facility and his future mailing address on Courtland Avenue in Buffalo, effective March 15, 2013. (Dkt. No. 23.) Plaintiff explained that he was enrolled in the "OPDP" program at the Orleans Correctional Facility. *Id.* The letter did not discuss Defendants' motion to dismiss or Plaintiff's failure to appear at either deposition. *Id .* On March 7, 2013, Plaintiff filed a change of address form, updating the Court on his Courtland Avenue mailing address effective March 15, 2013. (Dkt. No. 24.)

## II. ANALYSIS

Defendants move under Federal Rules of Civil Procedure 37 and 41 to dismiss the complaint as a sanction for Plaintiff's failure to appear at his properly noticed deposition and Plaintiff's failure to prosecute the action. (Dkt. No. 20.) Under Rule 37(b), if

> a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v)

dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

" '[D]ismissal under Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances.' " Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir.1986) (quoting Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir.1977)). Thus, such a severe sanction is warranted when plaintiffs, even those proceeding pro se, fail to comply with discovery orders "due to willfulness or bad faith." Daval Steel Prods. v. Fakredine, 951 F.2d 1357, 1366–67 (2d Cir.1991) (citations omitted). A court may weigh several factors when considering a motion to dismiss for failure to comply with discovery. S. New England Tel. Co. v. Global NAPs, Inc., 624 F.3d 123, 144 (2d Cir.2010). Those factors are: (1) the willfulness of the noncomplying party or the reason for noncompliance; (2) the duration of the period of noncompliance; (3) whether the noncomplying party had been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions. Id. Sanctions may be imposed against a pro se litigant "so long as a warning has been given that noncompliance can result" in a sanction. Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir.1994).

*6 Regarding the first factor, "[n]on-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control. In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault." Handwerker v. AT & T Corp., 211 F.R.D. 203, 209 (S.D.N.Y.2002) (citations and punctuation omitted). Here, the Court's orders were clear, and there is no indication that Plaintiff did not understand those orders. The facts plausibly suggest, however, that

Plaintiff failed to appear at his first deposition due to factors beyond his control. Plaintiff stated in his August 13th letter that he had been incarcerated since July 3rd, more than a week before his first deposition. (Dkt. Nos. 17, 20–8 at 1.) This not only prevented Plaintiff from appearing, but also was beyond his control. Thus, this factor weighs against dismissal.

The facts do not plausibly suggest that Plaintiff's failure to appear at his second deposition was due to factors beyond his control. Defendants notified Plaintiff about the rescheduled deposition by sending a notice to Plaintiff's new address after the date when Plaintiff said the new address would be valid. (See Dkt. Nos. 20–1 ¶ 19, 20–10.) The notice was not returned to sender, nor were there any indications that it did not arrive at Plaintiff's address. Moreover, two weeks after Defendants mailed the notice, Plaintiff sent documents to the Court from his new address. (See Dkt. No. 19.) Nevertheless, the facts do not plausibly suggest that Plaintiff persistently refused to comply with discovery orders. Plaintiff maintained communication with the Court, updating his information and requesting status updates on his case. Plaintiff also sought and timely met the extended mandatory disclosures deadline. (Dkt.Nos.17, 20–8, 19.) Accordingly, I find that Plaintiff's failure to comply with discovery was not willful. Therefore, this factor weighs against dismissal.

Regarding the second factor, the duration of the noncompliance also weighs against dismissal. Courts frequently dismiss complaints when the noncompliance delay totals several months or years. See Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F.Supp.2d 159, 180 (D.Conn.2010) (dismissing complaint and characterizing one-year delay in complying with court order to produce records as "extremely lengthy"); State Farm Mut. Auto Ins. Co. v. Grafman, 274 F.R.D. 442, 452 (E.D.N.Y.2011) (dismissing case where "defendants' non-compliance span[ned] nearly the entire length of this seven-year litigation"); Handwerker, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D .N.Y.2002) (finding that failure to provide adequate discovery responses for "more than two years" weighed in favor of dismissal); Abreu v. City of New York, 208 F.R.D. 526, 527 (S.D.N.Y.2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); Mathews v. U.S. Shoe

*Corp.,* 176 F.R.D. 442 (W.D.N.Y.1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal). Here, however, fewer than six months elapsed between the Court order and Plaintiff's second failed deposition appearance; one of Plaintiff's failed appearances was beyond his control; and, by the completion of six months after the initial Court order, Plaintiff timely met an extended mandatory disclosures deadline. Therefore, this factor weighs against dismissal.

**\*7** Regarding the third factor, Plaintiff was advised of his duty to appear at his deposition. (Dkt. No. 14 at 3–4.) Therefore, this factor weighs in favor of dismissal.

Regarding the fourth factor, the lack of any lesser sanctions prior to this motion to dismiss weighs against dismissal. Dismissal should be granted only for those cases where plaintiffs' faults are "flagrant, intentional and willful." *Carmona v. Wright,* 233 F .R.D. 270, 275 (N.D.N.Y.2006) (citing *Friends of Animals, Inc. v. U .S. Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997)). Absent that, courts will impose other sanctions, such as ordering noncomplying parties to reimburse complying parties for expenses incurred as a result of a failure to appear at a deposition. *See, e.g., LeGrande v. Adecco,* 233 F.R.D. 253, 258 (N.D.N.Y.2005) (finding that sanctions for the noncomplying plaintiff to repay the defendant's deposition costs were more appropriate than dismissal "when there are other remedies that can be exercised"). This Court has not previously imposed lesser sanctions on Plaintiff. Namely, this Court has not issued an order requiring Plaintiff's appearance at a deposition on a specific date and time, nor has this Court ordered Plaintiff to reimburse Defendant for the costs incurred for failing to appear at his depositions. Therefore, this factor weighs against dismissal.

Weighing the factors with the special solicitude that must be granted to *pro se* litigants, dismissal is unwarranted in this case. Therefore, I recommend that the Court deny Defendants' motion to dismiss and, instead, order Plaintiff to reimburse Defendants for the $85 incurred as a result of Plaintiff's failure to appear at his second deposition. Plaintiff should not be ordered to reimburse Defendants for costs incurred as a result of the first deposition because Plaintiff failed to appear for reasons beyond his control. Furthermore, I recommend that the Court compel Plaintiff to participate in another deposition, as these sanctions are reasonable and promote substantial justice.

**ACCORDINGLY,** it is

**RECOMMENDED** that the Court deny Defendants' motion to dismiss (Dkt. No. 20) but order Plaintiff to reimburse Defendants for the $85 incurred as a result of Plaintiff's failure to appear at his second deposition.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 (2d Cir.1989) (per curiam)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72.

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 4049979

---

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.

 © 2017 Thomson Reuters. No claim to original U.S. Government Works.

**Freeman v. Lundrigan, Not Reported in F.Supp. (1996)**

1996 WL 481534

1996 WL 481534
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,

v.

Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
|
Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,*

370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* No. 92–Civ–3398, 1994 WL 9688, \*1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95–CV–1525, 1996 WL 172699, \*1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

**Freeman v. Lundrigan, Not Reported in F.Supp. (1996)**

1996 WL 481534

**\*2** IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2205816
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Wattie FOLK, Plaintiff,

v.

P. RADEMACHER, et al., Defendants.

No. 00-CV-199S.
|
Sept. 9, 2005.

**Attorneys and Law Firms**

Wattie Folk, Great Meadow Corr. Facility, Comstock, NY, pro se.

William Lonergan, New York State Attorney General's Office, Stephen F. Gawlik, Assistant Attorney General, Buffalo, NY, for Defendants.

DECISION AND ORDER

SKRETNY, J.

I. INTRODUCTION

**\*1** Plaintiff commenced this action under 42 U.S.C. § 1983 on March 3, 2000, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this case-P. Rademacher, Sgt. Stachewiez, Lt. Hendel, W.Kelley, Hartman, Fleming, Booker, Piasa and Sgt. Baker ("Defendants")-on September 2, 2004. Defendants bring their motion pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. This is the third motion filed by Defendants on these grounds. For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

II. BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Hugh B. Scott, United States Magistrate Judge. On October 15, 2002, Defendants filed a Motion

to Compel Plaintiff to respond to their First Set of Interrogatories because Plaintiff's initial response had been inadequate. On May 27, 2003, Judge Scott granted Defendants' Motion to Compel and directed Plaintiff to file appropriate interrogatory responses within twenty days. Despite being granted an extension of time in which to respond, Plaintiff failed to file his interrogatory response. As a result, on August 19, 2003, Defendants filed a Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

On November 5, 2003, this Court denied Defendants' Motion to Dismiss after Plaintiff satisfactorily explained the reason he failed to comply with Judge Scott's Order. This Court granted Plaintiff an additional thirty days within which to file his response to Defendants' First Set of Interrogatories. Plaintiff filed and served his response to Defendants' First Set of Interrogatories on November 21, 2003. This response, however, was simply a photocopy of the response Plaintiff initially filed on August 29, 2002, the one Judge Scott found to be inadequate.

Consequently, Defendants filed a second Motion to Dismiss on December 19, 2003. Plaintiff filed a response in opposition. Therein, Plaintiff did not deny that he simply re-filed his initial interrogatory response. Rather, he argued that Judge Scott did not have dispositive jurisdiction, and therefore lacked the proper authority to find his initial interrogatory response inadequate. Further, Plaintiff argued that he did not fail to respond as Defendants alleged because he did indeed file a response.

On May 24, 2004, this Court denied Defendants' Second Motion to Dismiss. In doing so, however, this Court rejected Plaintiff's arguments and excuses for not complying with Judge Scott's Order. Nonetheless, because Plaintiff is proceeding *pro se,* this Court determined that granting the relief Defendants requested would be too drastic a measure at that stage of the litigation. *See Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990) ( "dismissal with prejudice [under Rule 37] is a harsh remedy to be used only in extreme situations ..."). This Court warned Plaintiff that his lawsuit may be dismissed with prejudice if he did not file and serve appropriate responses to Defendants' First Set of Interrogatories within thirty days. *Cf. id.* at 764 (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by

the court that further non-compliance with a court order could result in dismissal of the case with prejudice).

**\*2** On June 17, 2004, Plaintiff filed a Motion to Extend the thirty-day response deadline. By Order filed July 7, 2004, this Court directed Defendants to provide Plaintiff with another copy of their First Set of Interrogatories, extended Plaintiff's deadline to respond to August 30, 2004, and warned Plaintiff that this was his final extension of time and that his failure to respond could result in his case being dismissed with prejudice. On August 13, 2004, Plaintiff filed his response to Defendants' First Set of Interrogatories.

On September 2, 2004, Defendants filed their instant Third Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure. By Order filed October 7, 2004, this Court directed Plaintiff to file a response to Defendants' motion on or before October 29, 2004. On October 29, 2004, Plaintiff filed a Motion for Extension of Time to respond. By Order filed November 4, 2004, this Court extended Plaintiff's response to November 29, 2004, and warned Plaintiff that his failure to file a response could lead to Defendants' motion being granted as uncontested. To date, Plaintiff has not filed a response to Defendants' motion.

## III. DISCUSSION

A. Dismissal under Rule 41(b) For Failure to Prosecute
This case first warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. *See id. at 42-43* ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." *Harding v. Fed. Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983) (quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972) (per curiam); *see also Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 665 (2d Cir.1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 487 (2d Cir.1994)).

**\*3** The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 255 (2d Cir.2004); *Nita,* 16 F.3d at 485; *Feurtado v. City of New York,* 225 F.R.D. 474, 477 (S.D.N.Y.2004) (quoting *Jackson v. City of New York,* 22 F.3d 71, 74 (2d Cir.1994)). In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures
The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. *See Norden Sys.,* 375 F.3d at 255.

In this case, Plaintiff has failed in two ways. First, as noted above, Plaintiff has failed to respond to Defendants' Third Motion to Dismiss, despite twice being directed by this Court to do so. Second, and more significant, Plaintiff has failed to adequately comply with Judge Scott's discovery Order of May 27, 2003. Plaintiff has been afforded numerous opportunities to file an appropriate response to Defendants' First Set of Interrogatories. This Court alone has twice extended Plaintiff the benefit of the doubt by denying two Motions to Dismiss for Plaintiff's failure to engage in discovery. While Plaintiff did, in fact, file a response to Defendants' First Set of Interrogatories on August 13, 2004, his response is wholly inadequate. Plaintiff's response contains multiple objections to Defendants' basic interrogatory requests and does not provide anything by way of meaningful discovery. In fact, no useful information whatsoever is contained in Plaintiff's response. Clearly, Plaintiff alone is responsible for repeatedly filing inadequate responses to Defendants' discovery request. As a result, Defendants still have not received any meaningful response to their interrogatory requests.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it has been almost one year that Plaintiff has failed to file a response to Defendants' Third Motion to Dismiss. The delay caused by Plaintiff's failure to response to Defendants' interrogatory request is even more significant. Defendants filed and served their First Set of Interrogatories on August 17, 2001. It has thus been more than *four years* and Plaintiff still has not filed an adequate response. This is a failure of significant duration. *Cf. Chira,* 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov.8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

### 2. Notice of Dismissal

**\*4** The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. *See Martens v. Thomann,* 273 F.3d 159, 180-81 (2d Cir.2001). In the present case, Plaintiff had adequate notice. First, both the initial Scheduling Order

on Defendants' Third Motion to Dismiss and the Order granting Plaintiff's request for an extension of time warned Plaintiff that his failure to file a response as directed could lead to Defendants' motion being granted as uncontested. Second, this Court's Decision and Order denying Defendants' First Motion to Dismiss explicitly stated that Defendants were free to seek dismissal of Plaintiff's Complaint if he failed to respond to the First Set of Interrogatories as directed. Moreover, this Court's Decision and Order denying Defendants' Second Motion to Dismiss warned Plaintiff that his failure to file appropriate responses to Defendants' First Set of Interrogatories could result in this action being dismissed with prejudice. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. *See Lyell Theatre,* 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre,* 682 F.2d at 43 (citations omitted). In *Lyell Theatre,* the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. *Id.* at 39-40, 43. Similar to the present case, the plaintiff in *Lyell Theatre* continued to ignore the court's orders even after he had been warned that he was risking dismissal. *Id.* at 39. Under *Lyell Theatre,* the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.,* 375 F.3d at 257. In this regard, " ' a court must not let its zeal for a tidy calendar overcome its duty to justice.' " *Feurtado,* 225 F.R.D. at 480 (quoting *Davis v. United Fruit Co.,* 402 F.2d 328, 331 (2d Cir.1968)). Plaintiff's failure to comply with Judge Scott's discovery order has resulted in this Court

having to prepare and file numerous scheduling orders, as well as decide three separate motions to dismiss. While this has been a needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

**\*5** This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. *See Dodson v. Runyon,* 957 F.Supp. 465, 470 (S.D.N.Y.1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); *cf. Feurtado,* 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See Norden Sys.,* 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to file a response to Defendants' Third Motion to Dismiss and to Defendants' First Set of Interrogatories. Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective. *See Smith v. Human Res. Admin. of New York City,* 2000 WL 307367, at \*3 (S.D.N.Y. Mar.24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); *Alevizopoulos,* 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

### B. Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders

"A district court may impose sanctions when 'a party ... fails to obey an order to provide or permit discovery.' " *Burns v. Imagine Films Entm't, Inc.,* 164 F.R.D. 594, 598 (W.D.N.Y.1996) (quoting FED. R. CIV. P. 37(b)). Rule 37 of the Federal Rules of Civil Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders. *See Friends of Animals, Inc. v. United States Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997) (per curiam); *see also Jones v. J.C. Penney's Dep't Stores, Inc.,* 228 F.R.D. 190, 195 (W.D.N.Y.2005) (identifying dismissal of the action as an available sanction under Rule 37); *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.,* No. 03 Civ. 5562, 2005 WL 1958361, at \*9 (S.D.N.Y. Aug. 16, 2005).

**\*6** While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted ... where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (and cases cited therein); *see also Societe Int'l v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order). Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with discovery orders.

### IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court. As such, because each of the factors relevant to the

Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Third Motion to Dismiss (Docket No. 145) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2205816

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.