**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RASZELL REEDER,**

                            **Plaintiff,**

  vs.                                                9:15-cv-01078
                                                                    (MAD/TWD)

**DSS BELL; CAPT. BISHOP; SGT. SMITH;
OFFICER REIF; OFFICER RAMSDELL;
LIEUTENANT QUINN; and
LIEUTENANT SALLS,**

                           **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**RASZELL REEDER**
94-A-6388
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *pro se*

**NEW YORK STATE ATTORNEY**        **RICHARD LOMBARDO, AAG**
**GENERAL - ALBANY**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Plaintiff Raszell Reeder commenced this action *pro se* on September 3, 2015, alleging

various constitutional violations under 42 U.S.C. § 1983. *See* Dkt. No. 1. On October 13, 2016,

Defendants filed a motion to dismiss for failure to comply with discovery and for failure to

prosecute pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). *See* Dkt. No. 52.

Plaintiff filed a response to Defendants' motion. *See* Dkt. No. 55. On August 11, 2017,

Magistrate Judge Dancks issued a Report-Recommendation and Order, recommending that Defendants' motion to dismiss be denied. *See* Dkt. No. 70. Defendants did not file objections to the Report-Recommendation and Order.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Massie v. Ikon Office Solutions, Inc.*, 381 F. Supp. 2d 91, 94 (N.D.N.Y. 2005) (quoting *Clarke v. Bank of New York*, 687 F. Supp. 863, 871 (S.D.N.Y. 1988)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, \*1 (S.D.N.Y. Nov. 29, 2004). Again, Defendants did not file objections in this case, so the Court will review the Report-Recommendation and Order for clear error.

As Magistrate Judge Dancks outlined, courts consider several factors in imposing sanctions pursuant to Rule 37, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quotation omitted). Magistrate Judge Dancks carefully analyzed the factors and concluded that Defendants' motion should be denied without prejudice, particularly in light of Plaintiff's *pro se* status. *See* Dkt. No. 70 at 4-9. The Court finds no clear error in this determination.

Similarly, Magistrate Judge Dancks outlined the factors that courts consider when deciding a motion to dismiss pursuant to Rule 41(b). *See id.* at 9. Again, Magistrate Judge Dancks carefully analyzed the factors and determined that dismissal is not warranted at this time. *See id.* at 9-11. The Court finds no clear error in Magistrate Judge Dancks's careful and thorough application of the factors.

Having carefully reviewed Magistrate Judge Dancks's Report-Recommendation and Order, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks's August 11, 2017 Report-Recommendation and Order (Dkt. No. 70) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 52) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 27, 2017
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge