UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RASZELL REEDER,

                             **Plaintiff,**

  vs.                                                      9:15-CV-1078
                                                               (MAD/TWD)

**DSS BELL**, *Upstate Correctional Facility*; **CAPT.
BISHOP**, *Upstate Correctional Facility*; **SGT.
SMITH**, *Upstate Correctional Facility*; **OFFICER
REIF**, *Upstate Correctional Facility*; **OFFICER
RAMSDELL**, *Upstate Correctional Facility*;
**LIEUTENANT QUINN**, *Upstate Correctional
Facility*; **and LIEUTENANT SALLS**, *Upstate
Correctional Facility*,

                             **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**RASZELL REEDER**
94-A-6388
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **JOHN F. MOORE, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on September 3, 2015, alleging various violations of his

constitutional rights. *See* Dkt. No. 1. Plaintiff's claims arise out of events that occurred during

his confinement at Upstate Correctional Facility ("Upstate C.F.") where all Defendants were

employed during the relevant time period. *See id.* Following initial review, the following claims

remain: (1) Eighth Amendment excessive force and failure to intervene claims against Defendants Bell, Bishop, Smith, Reif, Ramsdell, and Salls; and (2) an Eighth Amendment conditions of confinement claim against Defendants Quinn and Smith. *See* Dkt. No. 17 at 20-21.

Following the Court's September 17, 2018 denial of Plaintiff's motion to amend his complaint, Defendants Bell and Quinn moved for summary judgment. *See* Dkt. Nos. 118, 121. In a May 7, 2019 Order and Report-Recommendation, Magistrate Judge Dancks recommended that Defendants' motion be granted in part and denied in part. *See* Dkt. No. 137. Specifically, Magistrate Judge Dancks found that, as to Defendant Bell, Plaintiff has failed to establish that he was personally involved in the alleged use of force. *See id.* at 16-17. Further, Magistrate Judge Dancks found that even if Plaintiff had created a question of facts as to Defendant's Bell's personal involvement, summary judgment would still be appropriate because there was no showing that he had the requisite level of culpability to satisfy the subjective component of Plaintiff's excessive force claim. *See id.* at 17. As to Defendant Quinn, Magistrate Judge Dancks recommended denying the motion for summary judgment. *See id.* at 19-20. Magistrate Judge Dancks noted that there are several inconsistencies in the record that create questions of fact and issues of credibility, making summary judgment inappropriate. *See id.*

In a document dated May 9, 2019, Plaintiff has objected to the recommended dismissal of Defendant Bell. *See* Dkt. No. 140. Specifically, Plaintiff states that as Deputy Superintendent of Security, Defendant Bell was personally involved in the incident. *See id.* at 2. Plaintiff claims that Defendant Bell was required to stay at his cell once he authorized other corrections staff to use force and chemical agents to remove Plaintiff from his cell. *See id.* Further, Plaintiff argues that he was personally involved in the incident because he studied videos of the use of force after it occurred. *See id.* Finally, Plaintiff argues that chemical agents should not have been used

2

against him because he suffers from "severe herpes infectious disease, thyroid disorder, [and] severe mental illness." *Id.*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d

652 (1972)) (other citations omitted). The Second Circuit has instructed that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that the Court should grant the motion for summary judgment as to Defendant Bell, but deny the motion as to Defendant Quinn. At his deposition, Plaintiff clarified that his claim against Defendant Bell is limited to his authorization of the use of chemical agents in general, his

4

authorization of the use of two rather than just one canister, and his knowledge that both canisters were faulty causing them to release too much chemical agent. *See* Dkt. No. 121-5 at 82-86, 107-08. As Magistrate Judge Dancks correctly noted, the undisputed evidence establishes that Defendant Bell authorized the use of chemical agents and, if necessary, physical force to extract Plaintiff from his cell only after being informed by Defendant Bishop that Plaintiff was refusing to leave his cell. *See* Dkt. No. 121-4 at ¶ 11. Aside from Plaintiff conclusory assertions, the record is devoid of evidence suggesting that Defendant Bell was aware that the chemical agents he authorized were used improperly or that they were in any way defective. Rather, Defendant Bell stated in his declaration that it was standard procedure to bring two canisters when chemical agents were to be deployed in case one canister malfunctioned and that there was no indication that either canister taken to Plaintiff's cell was defective. *See id.* at ¶¶ 13-14. Additionally, Plaintiff appears to claim that Defendant Bell only learned about the manner in which the chemical agents were used and the alleged excessive force when he watched the videos of the incident after it had already occurred, making it too late for him to possibly intervene. *See* Dkt. No. 126 at 7. Accordingly, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff failed to establish supervisory liability against Defendant Bell. In the alternative, the Court agrees that Plaintiff failed to demonstrate the necessary culpability to satisfy the subjective component of this claim against Defendant Bell. As such, Defendants' motion for summary judgment is granted as to Defendant Bell. Finally, as to Defendant Quinn, the Court agrees that questions of fact preclude granting summary judgment.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 7, 2019 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 121) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall terminate Deputy Superintendent Bell as a Defendant in this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 28, 2019
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge