**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RASZELL REEDER,**

                      **Plaintiff,**

  vs.                                                   9:15-CV-1078
                                                           (MAD/TWD)

**CAPTAIN REGINALD BISHOP,** *Upstate Correctional Facility*; **SERGEANT RANDAL SMITH,** *Upstate Correctional Facility*; **OFFICER BRAD REIF,** *Upstate Correctional Facility*; **OFFICER TIMOTHY RAMSDELL,** *Upstate Correctional Facility*; **LIEUTENANT THOMAS QUINN,** *Upstate Correctional Facility*; and **LIEUTENANT STEVEN SALLS,** *Upstate Correctional Facility*,

                      **Defendants.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**MANATT, PHELPS & PHILLIPS, LLP**        **ETHAN ROMAN, ESQ.**
7 Times Square Plaza                            **RICHARD S. HARTUNIAN, ESQ.**
New York, New York 10036                  **KENNETH D. FRIEDMAN, ESQ.**
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**              **KYLE W. STURGESS, AAG**
**STATE ATTORNEY GENERAL**            **MICHAEL G. MCCARTIN, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this Section 1983 action against Defendants, who were DOCCS employees at Upstate Correctional Facility during the relevant time period.

*See* Dkt. No. 168 at 6. In his Complaint, Plaintiff alleges claims of excessive force and failure to intervene against Defendants Bishop, Ramsdell, Reif, Salls, and Smith based on an incident that occurred on April 8, 2015, and conditions of confinement claims against Defendants Quinn and Smith based on his living conditions after that incident. *See id.* The parties have moved *in limine* for the Court to decide certain evidentiary issues before trial. *See* Dkt. Nos. 173, 180.

## II. DISCUSSION

### A. Legal Standard

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). The court considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

### B. Plaintiff's Prior Convictions

Plaintiff first asks the Court to preclude Defendants from introducing evidence about his criminal convictions under Federal Rule of Evidence 609. *See* Dkt. No. 173-1 at 2. Defendants oppose that request, arguing that the details about Plaintiff's prior convictions are necessary to enable the jury to resolve issues of credibility. *See* Dkt. No. 180 at 7-8.

2

In 1994, Plaintiff was convicted of Criminal Possession of a Weapon in the 2nd Degree, a class C felony, and Reckless Endangerment in the 1st Degree, a class D felony. *See* Dkt. No. 185 at 1. While incarcerated, Plaintiff has been convicted of several other offenses, and is now serving an indeterminate term in prison for an aggregate minimum sentence of twenty years and six months, and aggregate maximum sentence of forty six years.[1] *See id.*; Dkt. No. 180 at 7-8.

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403).

Where over 10 years have passed since the witness's past felony conviction or release from confinement for it, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(1)-(2). Thus, by its terms, Rule 609(b) provides that evidence of a crime is not excludable

---

[1] Plaintiff also has several pre-1994 convictions, but Defendants have informed the Court that they will not mention those convictions at trial. *See* Dkt. No. 186 at 5 n.2.

if the witness is still incarcerated for that crime. *See Blake v. Coughlin*, 205 F.3d 1321, 2000 WL 233550, *1 (2d Cir. 2000) (summary order).

As the Court previously stated in *Somerville v. Saunders*, No. 11-CV-556, 2014 WL 272415 (N.D.N.Y. Jan. 24, 2014), this Court follows the principle that "confinement for one conviction has no effect on calculating the ten years applicable to another conviction" for Rule 609 purposes. *Id.* at *5 (quoting *United States v. Pettiford*, 238 F.R.D. 33, 40 (D.D.C. 2006)). In so holding, the Court followed *Pettiford*, which concluded that since Rule 609 contemplates the "release of the witness from the confinement imposed for *that conviction*," it would be improper to use a later conviction, for which the witness served more time, as the starting point for Rule 609(b)'s time-period calculation. *See Pettiford*, 238 F.R.D. at 40 (emphasis in original). Moreover, where the plaintiff is serving concurrent sentences for various crimes and the parties have not informed the court which sentence corresponds to each crime, the court must consider the maximum sentence possible under state law. *See Somerville*, 2014 WL 272415, at *6.

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of *veracity*.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *see United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, . . . [or] the

4

length of the sentence when its probative value is outweighed by its prejudicial effect," *see Brown*, 606 F. Supp. 2d at 312.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 618. Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity. *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

### 1. *1994 Conviction*

As noted above, Plaintiff's current period of incarceration began in 1994 after he was convicted of Criminal Possession of a Weapon in the 2nd Degree, a class C felony, and Reckless Endangerment in the 1st Degree, a class D felony. *See* Dkt. No. 185 at 1. Since the parties have not informed the Court what sentence Plaintiff originally received for that conviction and Plaintiff is serving an aggregate sentence, the Court must consider the maximum sentence for each count under state law. *See Somerville*, 2014 WL 272415 at *6. According to New York Penal Law § 70.00, the maximum term of an indeterminate sentence of imprisonment for a class C felony is fifteen years, and the maximum term for a class D felony is seven years. N.Y. Penal Law § 70.00(2). Thus, Plaintiff faced a maximum term of imprisonment of twenty-two years for the 1994 conviction, so his incarceration for that conviction would have ended in 2016. Accordingly, Rule 609(a) applies, and the statutory name of 1994 conviction, its date, and the sentence imposed

are admissible unless "the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *See Estrada*, 430 F.3d at 620-21 (quoting Fed. R. Evid. 403).

As an initial matter, although violent crimes bear marginally on the issue of truthfulness or veracity, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *Id.* at 617. Plaintiff's credibility is central to this case, where "substantial components of the Plaintiff's claims . . . can be anticipated to be resolved on the parties' conflicting versions of the same events: in other words, by credibility-dependent assessments, made from different descriptions of the same events." *See* Dkt. No. 186 at 5-6; *see also United States v. Thomas*, 214 F. Supp. 3d 187, 196 (E.D.N.Y. 2016) (stating that "if [d]efendant testifies, his testimony would likely contradict the testimony of the Government's witnesses; in such a circumstance, evidence of [d]efendant's prior convictions would be highly probative for the jury to determine his veracity and credibility"). On the other hand, the 1994 conviction is somewhat prejudicial because knowledge that Plaintiff was convicted of Reckless Endangerment and Criminal Possession of a Weapon could cause the jurors "to evaluate his worth as a witness based on his status as a convicted felon regardless of the actual relevance of the [c]onviction." *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003). Still, that prejudice is diminished by the fact that the conviction is twenty-five years old and does not involve conduct similar to the conduct at issue in this civil case. *See Old Chief v. United States*, 519 U.S. 172, 185 (1997) (noting that "where a prior conviction was for . . . one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious"). Finally, the prejudicial effect of such information can be lessened by a limiting instruction from the Court.

Accordingly, the Court finds that the probative value of the conviction is not substantially outweighed by its prejudicial effect. Therefore, Defendants may question Plaintiff about the statutory name of the 1994 conviction, the date, and the sentence imposed.

### 2. *Convictions while Incarcerated*

Since his incarceration began, Plaintiff has accumulated eight convictions for Aggravated Harassment of an Employee by an Inmate, a class E felony with a maximum indeterminate sentence of four years, and one conviction for Assault on a Peace Officer, a class C felony with a maximum indeterminate sentence of fifteen years. *See* Dkt. No. 185 at 1; N.Y. Penal Law § 70.00(2). Based on those maximum prison sentences, the 2000, 2002, 2003 and 2004 Aggravated Harassment convictions (hereinafter, the "Older Harassment Convictions") should be analyzed under Rule 609(b), while the 2007, 2010, 2011 and 2012 Aggravated Harassment convictions (hereinafter, the "Recent Harassment Convictions") and the 2004 Assault conviction must be assessed under Rule 609(a). *See Somerville*, 2014 WL 272415 at *6.

#### a. 2007, 2010, 2011 and 2012 Aggravated Harassment Convictions

First, the Recent Harassment Convictions must be admitted unless "the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Estrada*, 430 F.3d at 620-21 (quoting Fed. R. Evid. 403). As noted above, the presumption underlying Rule 609(a)(1) is that all felonies are at least somewhat probative of a witness's propensity to testify truthfully, *see id.* at 617, and Plaintiff's credibility is central to this case, *see Thomas*, 214 F. Supp. 3d at 196. Moreover, although the Recent Harassment Convictions involve conduct similar to the conduct at issue in this case, making them somewhat prejudicial, that prejudice is lessened if the Court admits only the "name

7

of a conviction, its date, and the sentence imposed," while excluding the underlying details. *See Estrada*, 430 F.3d at 616 (noting that "while it may be proper to limit, under Rule 609(a)(1), evidence of the underlying facts or details of a crime of which a witness was convicted, inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by the Rule, subject to balancing under Rule 403"). Additionally, since "the jury will be informed that plaintiff has been convicted of a crime by the very nature of the case . . . [a]dmission of his prior conviction[s] thus will cause minimal added prejudice." *Young v. Calhoun*, No. 85-CV-7584, 1995 WL 169020, *4 (S.D.N.Y. Apr. 10, 1995); *see also Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (stating that "where the jury knows that a witness is a convicted felon, admission of prior crimes may cause relatively little additional prejudice").

Thus, the Court finds that the probative value of each of the Recent Harassment Convictions is not substantially outweighed by the danger of unfair prejudice to Plaintiff. Accordingly, Defendants may introduce evidence about the "essential facts" - *i.e.*, the name, date, and the sentence imposed - for each of the Recent Harassment Convictions.

### b. 2000, 2002, 2003 and 2004 Harassment Convictions

Unlike the Recent Harassment Convictions, the Older Harassment Convictions are inadmissible unless the "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." *See* Fed. R. Evid. 609(b)(1)-(2). Here, since Defendants will be permitted to introduce the more recent convictions, the Older Harassment Convictions have very little additional probative value. *See United States v. Washington*, 746 F.2d 104, 107 (2d Cir. 1984) (Newman, J.,

*concurring*) ("Once credibility is impeached by a prior felony conviction, the incremental probative force of a second conviction is minimal"). Their probative value is further diminished by the fact that each occurred at least fifteen years ago. *See Twitty v. Ashcroft*, No. 3:04-CV-410, 2010 WL 1677757, *2 (D. Conn. Apr. 23, 2010) (noting that "the 'probative value of a conviction decreases as its age increases'") (quoting 4 Weinstein's Federal Evidence, § 609.05[3][d] at 609-41 (2d ed. 2010)). Finally, these convictions are prejudicial to Plaintiff, since they suggests a propensity to engage in violent behavior, *see Somerville*, 2014 WL 272415, at *9, and may lead the jury to conclude that, as someone who had repeatedly harassed corrections officers, Plaintiff "deserved to be assaulted by [Defendants]," *see Agostini*, 280 F. Supp. 2d at 262.

Accordingly, the Court finds that the probative value of the Older Harassment Convictions is not substantially outweighed by their prejudicial effect. As such, Defendants are precluded from introducing evidence about the 2000, 2002, 2003 and 2004 Harassment Convictions.

### c. Assault on a Peace Officer

Plaintiff also asks the Court to preclude Defendants from introducing evidence about a 2004 conviction for Assault on a Peace Officer. *See* Dkt. No. 185 at 2. Because the statutory maximum indeterminate sentence for that felony is fifteen years, Rule 609(a) applies. *See* N.Y. Penal Law § 70.00. As a violent crime, the assault bears marginally on Plaintiff's honesty or veracity. *See Estrada*, 430 F.3d at 617. Although the felony is similar to the conduct at issue here, increasing its potential for prejudice, the Court has already allowed Defendants to introduce the statutory names, dates, and sentences for five other felony convictions. Thus, this additional conviction will have little additional prejudicial effect against Plaintiff. *See Lewis*, 149 F.R.D. at 482 (noting that "where the jury knows that a witness is a convicted felon, admission of prior crimes may cause relatively little additional prejudice"). Finally, any potential for prejudice is

9

lessened if the Court does not admit the underlying details about the conviction, *see Estrada*, 430 F.3d at 616, and issues an appropriate limiting instruction to the jury. Accordingly, the Court will allow Defendants to admit the name of the Assault on a Peace Officer conviction, its date, and the sentence imposed for that conviction.

**C.      Plaintiff's Disciplinary History**

Next, Plaintiff asks the Court to exclude his disciplinary history, including the "throwing incident" that took place prior to the events of April 8, 2015. *See* Dkt. No. 173-1 at 2-3. Defendants respond that they should be permitted to introduce evidence of the April 8, 2015 incident because it is "the crucial background story to the events of April 8, 2015 and thereafter." *See* Dkt. No. 186 at 4.

*1. April 8, 2015 incident*

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of a prior criminal conviction may be admissible for other permissible purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," subject to a Rule 403 analysis. Fed. R. Evid. 404(b)(2). Thus, "[c]ourts may admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the [person's] character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice." *United States v. Barret*, 677 Fed. Appx. 21, 23 (2d Cir. 2017), *cert. denied sub nom. Scarlett v. United States*, 137 S. Ct. 2280 (2017) (quotation omitted).

"The Second Circuit evaluates Rule 404(b) evidence under an 'inclusionary approach' and allows evidence 'for any purpose other than to show a defendant's criminal propensity.'" *United*

*States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992)). The Supreme Court and Second Circuit have created a four-part test to determine admissibility under Rule 404(b): (1) whether the prior act evidence was offered for a proper purpose; (2) whether the evidence was relevant to a disputed issue; (3) whether the probative value of the prior act evidence is substantially outweighed by its potential for unfair prejudice; and (4) whether the district court administered an appropriate limiting instruction. *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

Defendants argue that the disciplinary incident that took place on the morning of April 8, 2015, "is both highly relevant and probative of the events occurring thereafter which give rise to the Plaintiff's causes of action, including why the Plaintiff was extracted from his cell on April 8; why he was thereafter placed on a 'loaf' diet instead of a standard food tray; why his running water access was restricted; and why he was deprived of certain items - *viz.*, cups and liquid containers." *See* Dkt. No. 180 at 10; *see also* Dkt. No. 186 at 4. The Court agrees that such evidence "is at the core of the evidence that is essential for the Defendants to get a fair trial." *See* Dkt. No. 186 at 5. The evidence explains "why the extraction team went into the Plaintiff's cell in the first instance," and "exactly why the Plaintiff was deprived of those items that he was deprived of - the very things that he asserts in this lawsuit were denied to him in an unconstitutional manner." *See* Dkt. No. 180 at 13-14 (emphasis omitted). Thus, the April 8, 2015 disciplinary incident is relevant to this case and highly probative of several issues related to Defendants' defense. Finally, that probative value is not substantially outweighed by the evidence's potential for prejudicing Plaintiff. Fed. R. Evid. 403. Although evidence of Plaintiff's misbehavior in prison could distract the jury from his constitutional claim, *see Agostini*, 280 F. Supp. 2d at 262, that risk can be mitigated by a limiting instruction, *see Garcia*, 291 F.3d at 136.

Accordingly, Defendants may introduce evidence about the April 8, 2015 disciplinary incident at trial.

### 2. *Other Disciplinary History*

Plaintiff has also asked the Court for an order preventing Defendants from introducing evidence about his other disciplinary history. *See* Dkt. No. 173-1 at 2. Plaintiff's disciplinary record includes over fourteen pages of incidents dating back to 1994, *see* Dkt. No. 163-1, and Defendants have not specified which infractions they seek to introduce. Therefore, the Court will reserve decision on each infraction's admissibility until it is placed in the appropriate factual context at trial. *See Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287.

**D.    Plaintiff's Deposition Testimony**

Plaintiff requests a ruling from the Court precluding Defendants from introducing his deposition testimony, claiming that the testimony "would be far more prejudicial than probative pursuant to FRE 403." *See* Dkt. No. 173-1 at 3. Plaintiff has not designated any specific portions of the deposition that he believes are prejudicial or irrelevant, and has not offered any reason why the deposition should be excluded beyond that he was *pro se* when it was taken. *Cf. Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, No. 04-CV-10014, 2009 WL 3111766, *13 (S.D.N.Y. Sept. 28, 2009) (precluding portions of testimony where the movant specified the parts that it sought to be precluded and provided reasons for the preclusion); *Flores v. Wall*, No. CA 11-69 M, 2012 WL 4471106, *3 (D.R.I. Sept. 6, 2012), *report and recommendation adopted in part*, No. CA 11-69-M, 2012 WL 4470998 (D.R.I. Sept. 25, 2012) (excluding a *pro se* prisoner's deposition where the prisoner received less than twenty-hours notice). Absent some indication that the deposition was unfair or unreasonable, the Court will not wholly exclude such testimony. *See Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:16-0612, 2017 WL

5618093, *3 (M.D. Tenn. Oct. 27, 2017) (holding that a plaintiff's *pro se* status "does not prevent [the d]efendant from taking her deposition," because the defendant was "entitled to take [the] deposition to explore the basis for [the p]laintiff's claims").

Here, there is nothing to indicate that the deposition was unreasonable, or that Plaintiff did not understand the deposition process and the importance of his testimony. Accordingly, this request is denied.

E.  **Unrelated Litigation and Grievances**

Plaintiff asks that Defendants be precluded from referencing any other litigation or grievances that Plaintiff has filed concerning "unrelated incidents." *See* Dkt. No. 173-1 at 3-4. Defendants respond that the evidence should be admitted for another purposes, such as where "'factual similarities between the past and present cases show[] more than just a generic pattern of litigiousness,' meeting the 'other purposes' provision of FRE 404(b)(2)." *See* Dkt. No. 186 at 7.

As a preliminary matter, the Court doubts that lawsuits and grievances about "unrelated incidents" are relevant to this trial. *See* Fed. R. Evid. 402. Moreover, as Plaintiff points out, "[l]itigiousness is the sort of character trait with which Rule 404(b) is concerned," and although it "may have some slight probative value," that value is likely "outweighed by the substantial danger of jury bias against the chronic litigant." *See Outley v. City of N.Y.*, 837 F.2d 587, 592 (2d Cir. 1988); *see also Seals v. Mitchell*, No. 04-CV-3764, 2011 WL 1399245, *5 (N.D. Cal. Apr. 13, 2011) (finding that although evidence of a plaintiff's other lawsuits and grievances "has some relevance to whether [the p]laintiff was biased against law enforcement, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice").

Still, Plaintiff has not provided the Court with details about the lawsuits or grievances that he seeks to have precluded, so the Court will reserve decision on this issue until trial.

13

### F. Testimony Implying that Plaintiff's Lawsuit is Frivolous

Additionally, Plaintiff has moved to exclude "any argument or implication by Defendants that Plaintiff filed his lawsuit for frivolous reasons, or simply because anyone has access to the courts." *See* Dkt. No. 173-1 at 4. Granting that request "would unduly restrict counsel from arguing that the Plaintiff's claim is without merit based on what he argues to be the facts." *Trinidad v. Moore*, No. 15-CV-323, 2016 WL 5402683, *4 (M.D. Ala. Sept. 26, 2016); *see also Mitchell v. City of Tukwila*, No. C12-238, 2013 WL 6631791, *1 (W.D. Wash. Dec. 17, 2013) (denying motion where the plaintiff's "motivation for filing th[e] lawsuit are relevant and probative of the issues remaining for trial"). Still, the decision whether to restrict such language is highly dependant on the context in which the statement is made. Therefore, the Court will reserve on the issue until trial.

### G. Defendants' Commendations and Awards

Plaintiff seeks an order excluding testimony concerning commendations or awards earned by Defendants. *See* Dkt. No. 173-1 at 4. Defendants respond that while good character evidence is contemplated by Rule 404, "district courts have recognized that matters involving good performance and promotion - when confined to introductory background testimony - are routine and admissible." *See* Dkt. No. 186 at 8-9.

The Second Circuit has stated that it is "well established . . . that absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible." *See United States v. Arroyo-Angulo*, 580 F.2d 1137, 1146 (2d Cir. 1978). "Character evidence encompasses evidence of a defendant's prior commendations and awards . . . because the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits." *United States v. Brown*,

14

503 F. Supp. 2d 239, 242 (D.D.C. 2007). Thus, "as a general matter, character evidence in civil cases is inadmissible unless it falls within one of the stated exceptions [of Rule 404(a)]." *S.E.C. v. Drescher*, No. 99-CV-1418, 2001 WL 1602978, *2 (S.D.N.Y. Dec. 13, 2001).

Here, Defendants' character is not at issue in this case, either as an essential element of a claim or defense. *See Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, 541 (S.D.N.Y. 2005) (excluding character evidence of performance evaluations and commendation letters in an employment discrimination case); *see also Bey v. Iaquinto*, No. 12-CV-5875, 2015 WL 5786487, *4 (S.D.N.Y. Sept. 30, 2015) (holding that certificates of completion of online courses were inadmissible to bolster a plaintiff's credibility). Accordingly, Plaintiff's request to exclude testimony concerning commendations or awards earned by Defendants is granted.[2]

## H. Demonstrative Aids

Finally, Plaintiff has requested permission to use demonstrative aids in his opening statement. *See* Dkt. No. 173-1 at 4-5. As the Court informed the parties during the July 31, 2019 pre-trial conference, the Court does not allow the use of demonstrative aids during opening statements unless the parties have stipulated to their use. Therefore, Plaintiff's request is denied at this time. Should the parties agree on the use of demonstrative aids, they must file a stipulation with the Court indicating their accord.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 173-1) is **GRANTED in part** and **DENIED in part**; and the Court further

---

[2] To the extent Defendants may seek to introduce such evidence to combat impeachment of their witnesses, the Court will address that issue at trial. *See Arroyo-Angulo*, 580 F.2d at 1146.

15

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 180) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 8, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge